IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Juan Daniel Perez, | ) | |
| | ) | C.A. No.: |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Complaint |
| | ) | |
| New Prime, Inc. d/b/a | ) | |
| Prime Inc., a Missouri | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant, would show unto the Court:

1.   The Plaintiff is a citizen and resident of the County of Cherokee, State of South Carolina.

2.   The Defendant, New Prime, Inc. d/b/a Prime Inc., hereinafter referred to as "Prime", is a corporation organized and existing under the laws of the State of Missouri, and at all times mentioned herein, doing business in Gaffney, South Carolina.

3.   The Court has subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1332(a)(1) as the amount in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim

occurred in this District and the Defendant is subject to personal jurisdiction in this District.

## FOR A FIRST CAUSE OF ACTION

### Negligence

4. On July 3, 2023, the Plaintiff was driving a forklift in the parking lot of Brown Packing in Gaffney, South Carolina. The forklift had come to a stop. At the same time a Prime 18-wheeler was in the same parking lot and the driver thereof was in the cab, but not seated in the driver's seat. The brakes were not properly secured and the truck rolled forward striking the Plaintiff and the forklift.

5. At all times pertinent hereto, Defendant's driver was acting within the scope of his role as a driver, agent, servant, and/or employee of Defendant Prime.

6. Defendant Prime is responsible and liable for its driver's negligent acts and omissions on the principles of vicarious liability, *respondeat superior*, and/or agency.

7. As a direct result of the collision by and between Plaintiff's forklift and Prime's 18-wheeler, Plaintiff suffered medical expenses, serious bodily injury, physical and mental pain and suffering, mental anguish, and will continue to do so in the future, and further has suffered physical disability and a loss of enjoyment of life.

8.     The Plaintiff has further suffered a loss of income and diminished earning capacity.

9.     The collision and Plaintiff's damages and injuries, were the direct and proximate result of willful, wanton, reckless, grossly negligent, negligent, and careless acts of the Defendant, in the following particulars:

(a)   In failing to keep a proper lookout;

(b)   In failing to properly brake or slow down for a stopped vehicle directly ahead;

(c)   In failing by its driver to follow the training received for his commercial driver's license (CDL);

(d)   In failing to properly train its driver;

(e)   In failing to qualify its driver pursuant to the provisions of the FMCA;

(f)   In failing to supervise and monitor its driver;

(g)   In failing to adhere to all applicable traffic safety laws;

(h)   In failing to adhere to all applicable Federal Motor Carrier Safety Regulations;

(i)   In failing to adhere to all applicable trucking industry standards;

(j)   In failing to operate the truck in accordance with the generally accepted safety principles for commercial truck drivers and/or the commercial motor vehicle industry;

(k)   In failing to use the degree of care and caution that would otherwise be used by a reasonably prudent person with a CDL;

all of which were a direct and proximate causes of the injuries and damages complained of herein.

### FOR A SECOND CAUSE OF ACTION

### Negligence *per se*

9.   The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

10.   The collision and Plaintiff's damages and injuries were a direct and proximate result of Defendant's negligence *per se* in the following particulars:

(a)   In failing to give information or render aid in violation of South Carolina Code 56-5-1230 which is negligence *per se;*

(b)   In failing to effectively set brakes in violation of South Carolina Code 56-5-2570 which constitutes negligence *per se.*

11. At all times pertinent hereto, Defendant's driver was acting within the scope of his role as a driver, agent, servant, and/or employee of Defendant Prime.

12. Defendant Prime is responsible and liable for its driver's negligent acts and omissions on the principles of vicarious liability, *respondeat superior*, and/or agency.

13. As a direct result of the collision by and between Plaintiff's forklift and Prime's 18-wheeler, Plaintiff suffered medical expenses, serious bodily injury, physical and mental pain and suffering, mental anguish, and will continue to do so in the future, and further has suffered physical disability and a loss of enjoyment of life.

14. As a result of the acts and omissions of the Defendant, Plaintiff is informed that he is entitled to actual damages, plus such punitive damages as the Court may award, and for such other and further relief as to the Court may seem just and proper.

FOR A THIRD CAUSE OF ACTION

Negligence *per se* for violation of

Federal Motor Carrier Safety Regulations

15. The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

16. The collision and Plaintiff's damages and injuries were a direct and proximate result of Defendant's negligence *per se.* At all times relevant hereto, Defendant Prime was subject to the minimum standards established by the Federal Motor Carrier Safety Regulations, 49 C.F.R. pts. 300-399.

17. Defendant Prime's negligence and negligence *per se* in failing to comply with regulations set forth above directly and proximately caused the collision with Plaintiff's forklift.

18. At all times pertinent hereto, Defendant's driver was acting within the scope of his role as a driver, agent, servant, and/or employee of Defendant Prime.

19. Defendant Prime is responsible and liable for its driver's negligent acts and omissions on the principles of vicarious liability, *respondeat superior*, and/or agency.

20. As a direct result of the collision by and between Plaintiff's forklift and Prime's 18-wheeler, Plaintiff suffered medical expenses, serious bodily injury, physical and mental pain and suffering, mental anguish, and will continue to do so in the future, and further has suffered physical disability and a loss of enjoyment of life.

21. As a result of the acts and omissions of the Defendant, Plaintiff is informed that he is entitled to actual

damages, plus such punitive damages as the Court may award, and for such other and further relief as to the Court may seem just and proper.

FOR A FOURTH CAUSE OF ACTION

Negligent Hiring and Retention

22. The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

23. Defendant Prime owed a duty not to hire or retain drivers it knew or should have known posed a risk of harm to others.

24. Defendant Prime breached that duty when it negligently hired, contracted with, and/or retained its driver and failed to exercise ordinary care to determine his fitness for the task of driving a commercial motor vehicle interstate.

25. At all times pertinent hereto, Defendant's driver was acting within the scope of his role as a driver, agent, servant, and/or employee of Defendant Prime.

26. Defendant Prime is responsible and liable for its driver's negligent acts and omissions on the principles of vicarious liability, *respondeat superior*, and/or agency.

27. As a direct result of the collision by and between Plaintiff's forklift and Prime's 18-wheeler, Plaintiff suffered medical expenses, serious bodily injury, physical and

mental pain and suffering, mental anguish, and will continue to do so in the future, and further has suffered physical disability and a loss of enjoyment of life.

28. As a result of the acts and omissions of the Defendant, Plaintiff is informed that he is entitled to actual damages, plus such punitive damages as the Court may award, and for such other and further relief as to the Court may seem just and proper.

FOR A FIFTH CAUSE OF ACTION

Negligent Training and Supervision

29. The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

30. Defendant Prime owed a duty to train and/or supervise its drivers in safely and prudently operating a commercial motor vehicle in compliance with federal and local laws and regulations.

31. Defendant Prime breached this duty when it negligently failed to exercise ordinary care to properly train and/or supervise its driver and to ensure his fitness for the task of driving a commercial motor vehicle interstate.

32. At all times pertinent hereto, Defendant's driver was acting within the scope of his role as a driver, agent, servant, and/or employee of Defendant Prime.

33. Defendant Prime is responsible and liable for its driver's negligent acts and omissions on the principles of vicarious liability, *respondeat superior*, and/or agency.

34. As a direct result of the collision by and between Plaintiff's forklift and Prime's 18-wheeler, Plaintiff suffered medical expenses, serious bodily injury, physical and mental pain and suffering, mental anguish, and will continue to do so in the future, and further has suffered physical disability and a loss of enjoyment of life.

35. As a result of the acts and omissions of the Defendant, Plaintiff is informed that he is entitled to actual damages, plus such punitive damages as the Court may award, and for such other and further relief as to the Court may seem just and proper.

WHEREFORE, Plaintiff prays for actual damages, plus such punitive damages as may be awarded, for the costs of this action, and such other and further relief as to the Court seems just and proper.

KNIE & SHEALY, P.A.


/s/ Patrick E. Knie

Patrick E. Knie
pat@knieshealy.com
Fed. I.D. No. 02370
P.O. Box 5159

250 Magnolia Street
Spartanburg, S.C.   29304
Telephone No. (864) 582-5118
Telefax No.    (864) 585-1615

E. Julian Cabra
Julian Cabra Law Firm, LLC
julian@cabralaw.com
Fed I.D. No. 13234
P.O. Box 25999
Greenville, S.C.   29616
Telephone No. (864) 640-8535
Telefax No.    (864) 549-3050


ATTORNEYS FOR PLAINTIFF

August 23, 2023